Filed April 14, 1892.

No. 483.

## CHRISTIE v. HENLEY.

EVIDENCE.—*Sale of Partnership, Interest.— Suit to Recover Balance Due Selling Partner.—Cross-Examination.*—In an action by the plaintiff against the defendant, to recover a balance alleged to be due on account of the sale of the plaintiff's interest in a certain business to the defendant, his partner, the. latter alleged that it was the plaintiff's duty to keep a record of the bills payable, and that in the accounting with the defendant the plaintiff omitted certain of the firm's indebtedness, through mistake, fraud and oversight, the defendant being ignorant of the existence of such indebtedness. On cross-examination the plaintiff was asked how he ascertained the indebtedness of the firm, and his reply was from the firm books.

*Held*, that it was not error for the court to strike out the question and answer, as the evidence sought to be elicited was not within the bounds of legitimate cross-examination.

SAME.— *Weight of.— Appeal.*—Where the evidence tends to support the verdict, the weight of the evidence, or the preponderance thereof, will not be considered on appeal.

From the Hendricks Circuit Court.

*L. A. Barnett, J. T. Barnett* and —— *Jordan*, for appellant.

*M. W. Hopkins*, for appellee.

ROBINSON, J.—The appellee commenced this action against the appellant before a justice of the peace.

The complaint alleged that on and previous to January 21st, 1888, appellee and appellant were partners in the general merchandise business at the town of Hadley, In-

diana; that on said day appellee sold to the appellant all
his right, title and interest in said merchandise for the
price and sum of fifteen hundred dollars and interest
thereon; that appellant had made divers payments
thereon, leaving a balance due the appellee of $142.45;
that the same had been demanded, etc., and judgment was
demanded, etc.

Appellant answered in substance, admitting that he
and the appellee had an accounting on the 21st day of
January, 1888, and that the sum of fifteen hundred dol-
lars was found due from appellant to appellee, but that at
the time of said accounting and the dissolution of the
partnership theretofore existing between said parties the
accounting was on the basis of the value of the stock in
trade, fixtures, bills receivable and bills payable; that it
was the custom and duty of the appellee to enter and
keep an account of all bills payable; that appellee was
the purchasing partner of said firm and had knowledge
of its indebtedness; that through mistake, fraud and
oversight, appellee had not made a record of certain bills
payable of said firm to the amount of $169.56; that
appellee, by mistake, fraud and oversight, omitted
said indebtedness of said firm, of which appellant was
wholly ignorant, thereby making the amount that would
be due the appellee the sum of fifteen hundred dollars,
which was erroneous and false; that appellant was only
to be chargeable with half of the indebtedness of said
firm under said agreement for accounting; that on or
about the 1st day of December, 1888, appellant notified
appellee of said mistake, fraud and oversight, and re-
quested the same to be corrected and the account restated,
which appellee failed and refused to do; that on the 12th
day of March, 1888, appellant paid appellee twenty dol-
lars, for which credit .was not given; that upon said
omitted bills and interest, in accordance with the agree-
ment of said parties, appellant was entitled to a credit of

$104.78 and a further credit for said sum of $20, being more than the balance due the appellee, wherefore appellant demanded judgment, etc. A bill of particulars was filed with the answer.

The cause was tried by the justice of the peace, resulting in a finding and judgment for the appellee. The appellant appealed the cause to the circuit court, where there was a trial by jury, with a verdict and judgment for the appellee.

The appellant filed a motion for a new trial, which was overruled, and the overruling of the same constitutes the assignment of error in this court.

The causes assigned in the motion for a new trial are as follows, viz. :

1. The verdict of the jury was not sustained by sufficient evidence.

2. The assessment of the amount of recovery is erroneous, being too large.

3. That the verdict of the jury was contrary to law.

4. The court erred in sustaining the motion of the appellee to strike out of the deposition of William P. Henley the following questions and answers thereto on cross-examination, to wit:

Q. "How did you ascertain the indebtedness of the firm of Henley & Christie at the date of the sale of your interest to the defendant?"

A. "I ascertained it from the books."

Q. "Did you not ascertain the indebtedness of the firm of Henley & Christie from the books of the firm?"

A. "Yes."

5. The court erred in giving instructions one, two, three, four, five and six on its own motion.

6. The court erred in excluding the following evidence offered by the appellant, to wit: The ledgers of the firm to show that they were kept by the appellee and that they were in his hand-writing.

The third and sixth causes in the motion for a new trial are waived in argument. The appellant has assigned no reason why the court erred in its rulings on these causes, and does not discuss these causes in the motion for a new trial.

Under the first cause in the motion for a new trial it is alleged that the verdict of the jury was not sustained by sufficient evidence. By a careful examination of the evidence it appears that there was a sharp conflict in the evidence. There was evidence tending to sustain the appellee's complaint and there was also evidence tending to sustain the defence of the appellant. The jury found for the appellee on the theory that the evidence sustained the allegations in the complaint, and it clearly appears from the record that the evidence tended to sustain the complaint. We can not, therefore, determine the weight of the evidence or decide as to its preponderance, but must sustain the verdict on the ground that the evidence tended to support the verdict. For the same reason there was no error in overruling the motion for a new trial under the second cause, that " The assessment of the amount of recovery was erroneous, being too large." There was no error committed by the court, as is alleged in the fourth cause in the motion for a new trial. The evidence on cross-examination in the deposition of William P. Henley, which was stricken out by the court on appellee's motion, was clearly not within the bounds of legitimate cross-examination, and besides, it is apparent from the record that no harm could have possibly resulted to the appellant by reason of sustaining said motion.

The remaining contention of the appellant is, that the court erred in giving instructions one, two, three, four, five and six on its own motion. We have examined the instructions, and it is not necessary to set them out in this opinion. When considered as a whole the instructions

contained a correct statement of the law and embraced all the issues in the case, and we are unable to see in them any just ground of complaint on the part of the appellant.

The judgment is affirmed.

Filed June 7, 1892.